UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11918DPW

| | |
|---|---|
| KENNETH OWENS,<br>Plaintiff<br><br>v.<br><br>NATIONAL RAILROAD<br>PASSENGER CORPORATION,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    DEFENDANT NATIONAL RAILROAD<br>PASSENGER CORPORATION'S<br>ANSWER TO PLAINTIFF'S<br>COMPLAINT<br>DEFENDANT HEREBY REQUESTS A<br>TRIAL BY JURY AS TO ALL ISSUES |

The defendant, National Railroad Passenger Corporation ("Amtrak"), hereby answers the plaintiff's Complaint as follows:

1. The defendant, Amtrak, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. The defendant, Amtrak, admits the allegations contained in paragraph 2 of the Complaint.

3. No response on behalf of defendant, Amtrak is required as paragraph 3 contains a statement of alleged statutory authority for maintaining suit.

4. The defendant, Amtrak, denies the allegations contained in paragraph 4 of the Complaint.

5. The defendant, Amtrak, denies the allegations contained in paragraph 5 of the Complaint.

6. The defendant, Amtrak, denies the allegations contained in paragraph 6 of the Complaint.

7. The defendant, Amtrak, denies the allegations contained in paragraph 7 of the Complaint.

8. The defendant, Amtrak, denies the allegations contained in paragraph 8 of the Complaint.

9. The defendant, Amtrak, denies the allegations contained in paragraph 9 of the Complaint.

10. No response on behalf of defendant, Amtrak is required as paragraph 10 contains a statement of alleged statutory authority for maintaining suit.

11. The defendant, Amtrak, denies the allegations contained in paragraph 11 of the Complaint.

12. The defendant, Amtrak, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. The defendant, Amtrak, denies the allegations contained in paragraph 13 of the Complaint.

14. The defendant, Amtrak, denies the allegations contained in paragraph 14 of the Complaint.

15. The defendant, Amtrak, denies the allegations contained in paragraph 15 of the Complaint.

WHEREFORE, defendant, Amtrak, denies the plaintiff is entitled to judgment against defendant as alleged in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim fails to state a claim upon which relief can be granted under the Federal Employer's Liability Act (45 (USC §51-59), the Boiler Inspection Act (45 §23-24), or the Safety Appliance Act (45 USC §1 et. seq.)

2. Plaintiff's claim is barred by the Statute of Limitations as set out in 45 USC § 56.

3. Plaintiff's claim is barred because his negligence was the sole cause of his injuries. Higley v. Missouri Pacific R. Co., 685 SW2d 572 (1985).

4. Plaintiff's claim is barred because the negligence of a third party was the cause of plaintiff's injuries.

5. Plaintiff's proven damages, if any, must be diminished by the fact finder in proportion to the amount of the plaintiff's contributory negligence, 45 USC §53.

6. Plaintiff's claim is barred because the alleged negligence and/or violations of the defendant Railroad, Amtrak, were not the proximate cause of the plaintiff's claimed injuries, but were rather the result of intervening and superseding causes for which the defendant, Railroad, Amtrak is not responsible. Davis v. Wolfe, 263 US 239 (1923).

7. Plaintiff's claim is barred because he choose an unsafe method of performing his work. Virginian Ry. Co. v. Viars, 193 F.2d 547 (1952).

8. Plaintiff's claim is barred, or his proven damages must be diminished, as he failed to mitigate his damages. Brown v. Chicago and Northwestern Transportation Co., 516 NE2d 320 (1987).

9. Plaintiff's claim is barred because he was not an employee of the defendant Railroad, Amtrak, when he allegedly injured himself. Kelley v. Southern Pacific Co., 419 US 318 (1974).

10. Plaintiff's claim is barred because he was not acting within the scope of his employment with the defendant Railroad, Amtrak, when he allegedly injured himself. Getty v. Boston and Maine Corp., 505 F.2d 1226 (1974).

11. Plaintiff's claim is barred because the defendant Railroad, Amtrak provided the plaintiff with a reasonably safe place to work.

12. The defendant Railroad is entitled to a set-off per 45 USC, §55 (§5 of the FELA) the sum of monies it has contributed or paid to any insurance, relief benefits, or indemnity that may have been paid to the plaintiff/employee on account of plaintiff's alleged injury.

13. Plaintiff's claim is barred because the car was not in use for purposes of the Boiler Inspection Act or the Safety Appliance Act. Baltimore and Ohio Railroad Co. v. Hooven, 297 F. 919 (1924).

14. Plaintiff's claim is barred because the defendant Railroad, Amtrak, is not liable for its failure to have safety equipment that it is not required to have under the Boiler Inspection Act or the Safety Appliance Act. King v. Southern Pacific Trans. Co. 855 F.2d 1485 (1988).

15. Plaintiff's claim is barred because the equipment that was allegedly defective is not covered by either the Safety Appliance Act or the Boiler Inspection Act.

16. Plaintiff's claim is barred because the defendant, Railroad, Amtrak did not violate the provisions of the Safety Appliance Act or the Boiler Inspection Act.

17. Plaintiff's claim is barred due to principles of Federal Pre-emption.

DEFENDANT, AMTRAK, CLAIMS THE RIGHT TO TRIAL BY JURY ON ALL ISSUES.

WHEREFORE, defendant, Amtrak, respectfully requests that the Court:

1. Deny the relief sought by plaintiff in the complaint and dismiss the complaint with prejudice;

2. Award Amtrak reasonable costs and attorneys' fees; and

3.  Order such other and further relief as the Court deems just and proper.

NATIONAL RAILROAD
PASSENGER CORPORATION,
By its attorney,

*Edward P. Harrington*
Edward P. Harrington
Assistant General Counsel
MBTA Law Department
Ten Park Plaza
Boston, MA 02116
(617) 222-3192
BBO #559482

Dated: 10-12-04

## CERTIFICATE OF SERVICE

I hereby certify that on the above date, I served a copy of the foregoing, postage pre-paid to:

Thomas J. Joyce, III, Esquire
Hannon & Joyce
The Public Ledger Bldg., Ste. 1000,
50 S. Independence Mall West
Philadelphia, PA 19106-3323

Michael J. McDevitt, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

*Edward P. Harrington*
Edward P. Harrington
Assistant General Counsel