# HANNON & JOYCE
### LAW OFFICES

☐ REPLY TO
900 CENTERTON ROAD
MOUNT LAUREL, NJ 08054

(856) 914-0220
(856) 914-0429 (FAX)

PUBLIC LEDGER BUILDING, SUITE 1000
150 SOUTH INDEPENDENCE MALL WEST
PHILADELPHIA, PENNSYLVANIA 19106-3413
(215) 446-4460  ~  (888) 222-FELA (US)  ~  (215) 446-4479 (FAX)

November 29, 2004

THOMAS J. JOYCE, III, PARTNER
tjoyce@hannonandjoyce.com

Honorable Douglas P. Woodlock
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA  02210

Re:   Kenneth Owens vs. National Railroad Passenger Corporation
      Civil Action No. 04-11918 (DPW)
      Our File No. X3-51934K

Dear Judge Woodlock:

Please note our representation of the Plaintiff in the above-captioned FELA personal injury action.

Enclosed please find the parties' proposed Joint Scheduling Plan and Report of Parties' Planning Conference.

Michael J. McDevitt, local counsel for Plaintiff, will attend the Initial Scheduling Conference on November 30, 2004.

If you have any questions or need additional information, please do not hesitate to contact me. Thank you for your time and consideration.

Respectfully,

THOMAS J. JOYCE, III
(Dictated but not read)

TJJ:tp
Enc.
cc:   Edward P. Harrington, General Counsel (via facsimile)
      Michael J. McDevitt, Esquire (via facsimile)

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
#### Boston Division

KENNETH OWENS,

       Plaintiff

    vs.                    Civil Action No.: 04-11918(DPW)

NATIONAL RAILROAD
PASSENGER CORPORATION,

       Defendant

## PROPOSED JOINT SCHEDULING PLAN
## PURSUANT TO RULE 16(B) AND 26(F)

1.    <u>Statement of the Case</u>

This case involves a personal injury action brought pursuant to an Act of Congress known as the Federal Employer's Liability Act (FELA), 45 U.S.C., Sec. 51 et seq. Kenneth Owens worked for the defendant from 1997 to present, as a conductor.

As a result of his job duties, Plaintiff was exposed to the occupational risk factors for repetitive stress injury to his hands. It is Plaintiff's claim that as a result of the Defendant's negligence, Plaintiff suffered occupational carpal tunnel syndrome.

Defendant failed to provide Plaintiff with a safe work environment under the FELA, specifically, failing to provide an adequate and timely ergonomics program, adequate equipment and/or manpower to perform his duties.

The Defendant denies Plaintiff's claims and further denies that its' alleged negligence was the proximate cause of Plaintiff's injuries.

2.    Joint Discovery Plan

The attorneys for the parties have reached an agreement for a proposed Pretrial schedule as follows:

(a)    All additional parties shall be joined by January 5, 2005.

(b)    Amendment of pleadings shall be completed by January 5, 2005.

(c)    Parties will exchange initial disclosures by February 4, 2005.

(d)    All fact discovery should be completed by June 5, 2005.

(e)    All experts who may be witnesses for the Plaintiff shall be designated no later than September 5, 2005.

(f)    All experts who may be witnesses for the Defendant shall be designated no later than October 5, 2005.

(g)    All expert discovery shall be completed by November 5, 2005.

(h)    All motions for Summary Judgment to be filed by December 5, 2005.

Thomas J. Joyce, III, Hannon & Joyce, counsel for Plaintiff, Kenneth Owens, and Edward P. Harrington of Massachusetts Bay Transportation Authority, counsel for Defendant, National Railroad Passenger Corporation, have conferred concerning the above discovery schedule and expenses.

Counsel for the parties have discussed informally exchanging discovery to reduce the cost of litigation to our clients and agreed to conform to the obligation to limit discovery set forth in F.R.C.P. 26(b). Discovery is expected to

include all relevant information including but not limited to Plaintiff's work and medical history as well as Defendant's safety, medical and ergonomic efforts regarding occupational carpal tunnel syndrome.

The parties and their respective counsel have conferred regarding settlement.


Dated: November 29, 2004

ATTORNEY FOR PLAINTIFF

Thomas J. Joyce, III, Esq.
HANNON & JOYCE
Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA  19106
215-446-4460


Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA  02210
617-439-4990
Local Counsel for Plaintiff

Respectfully Submitted,

ATTORNEY FOR DEFENDANT

Edward P. Harringtoon, Esq.
Massachusetts Bay Transportation
Authority
10 Park Plaza
Boston, MA  02116
617-222-3189

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### Boston Division

KENNETH OWENS,

                Plaintiff

    vs.                          Civil Action No.: 04-11918(DPW)

NATIONAL RAILROAD
PASSENGER CORPORATION,

                Defendant

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this Court's Order, Thomas J. Joyce, III, representing Plaintiff, and Edward P. Harrington, representing the Defendant, met on November 29, 2004, pursuant to Rule 26(f) to discuss:

    (1)    the nature and basis of their claims and defenses;

    (2)    the possibility for a prompt settlement or resolution of this case;

    (3)    to make or arrange for the disclosures required under Rule 26(a)(1); and

    (4)    to develop a discovery plan.

To that end, the parties propose the following:

    A.    The issues in this case may be simplified by taking the following steps:

    1.    The parties have exchanged written Interrogatories and Request for production of Documents;

    2.    Defendant has taken Plaintiff's discovery deposition;

3.    Plaintiff will be made available for defense medical examination;

4.    Plaintiff will take the discovery deposition of Defendant's Safety Director, and Medical Director; and

5.    The parties will conduct site inspection of Plaintiff's workplace.

B.    The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

1.    None

C.    Discovery will be needed on the following subjects:

1.    Plaintiff's work history;

2.    Plaintiff's medical history;

3.    Plaintiff's exposure to risk factors for hip injury;

4.    Defendant's ergonomic program to prevent occupational carpal tunnel syndrome;

5.    Causation; and

6.    Plaintiff's economic and non-economic damages

D.    Discovery should be conducted in phases.

E.    Discovery is not likely to be contentious and management of discovery should be referred to the Magistrate Judge.  YES **X**   NO____

F.    The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G.    The parties have discussed the possibility of alternative dispute resolution.

II.    The parties have discussed a prompt settlement or other resolution of this matter.  The Plaintiff has made a written demand of $150,000.00, and the Defendant has offered $0.

I.    The Court should consider the following methods of expediting the resolution of this matter.

Dated: November 29, 2004

ATTORNEY FOR PLAINTIFF

Thomas J. Joyce, III, Esq.
HANNON & JOYCE
Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
215 446-4460

ATTORNEY FOR DEFENDANT

Edward P. Harrington, Esq.
Massachusetts Bay
Transportation Authority
10 Park Plaza
Boston, MA 02116-3974
617-222-3189

Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
617-439-4990
Local Counsel for Plaintiff